# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: E.T. & R.B. Jr.**

**No. 13-0625** (Logan County 11-JA-102 & 11-JA-103)

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother, by counsel L. Donna Pratt, appeals the Circuit Court of Logan County's order entered on June 10, 2013, terminating her parental rights to her children, E.T. and R.B. Jr. The West Virginia Department of Health and Human Resources ("DHHR"), by Michael L. Jackson, its attorney, filed its response. The guardian ad litem, Allison Dingess, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by denying her a dispositional improvement period after it received evidence that she partially complied with her adjudicatory improvement period.

As more fully explained herein, the Court is of the opinion that the circuit court erred in failing to adjudicate the children to be abused or neglected. Because the issue before this Court is limited to the circuit court's failure to comply with the requirements of Rule 27 of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings, the decision of the Court is set forth in a memorandum decision rather than an opinion. As noted below, this Court has held that when these rules "[have] been substantially disregarded or frustrated," any resulting order "will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syl. Pt. 3, in part, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009) (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001)). Accordingly, this case satisfies the "limited circumstance" requirement of Rule 21(d) of the Rules of Appellate Procedure and it is appropriate for the Court to issue a memorandum decision rather than an opinion.

The DHHR filed the underlying abuse and neglect petition against Petitioner Mother and the children's father in November of 2011.[1] The petition alleged that petitioner abused drugs and physically abused the children. Petitioner was alleged to have been involved in a domestic assault with the children's father when he pulled her into the bedroom, hit her in the face, and "busted her nose." After arriving, the Child Protective Services ("CPS") worker found needles and a plate with blue powder drug residue, as well as a straw and credit card, all within reach of the children. Petitioner Mother appeared to be impaired due to her manner of speaking and drowsy eyes. The children were put into the DHHR's custody as a result of this incident. In January of 2012, petitioner acknowledged having a substance abuse problem, and counsel indicated that she would request a post-adjudicatory improvement period. However, the circuit court did not make any finding regarding whether the children were abused or neglected. In May

---

[1] A putative father to one of the children was included in the initial petition but was later dismissed after a DNA test revealed that the children have the same biological father.

1

of 2012, the circuit court granted petitioner a "post-adjudicatory improvement period," requiring her to complete a substance abuse evaluation and random screens, among other requirements. Again, no findings were made regarding the children or whether petitioner was an abusing parent. In August of 2012, petitioner's improvement period was continued and a paternity test established that both children are the biological children of the same father, so the putative father was dismissed from the case. Over the ensuing six months, petitioner participated in an improvement period but failed to follow through with all required drug screens and visitations and had only sporadic contact with her attorney. By order entered June 10, 2013, following a dispositional hearing, the circuit court terminated the parents' parental rights to the children, finding that she failed to comply with in home services and failed to correct the situation that led to the filing of the petition. The circuit court further found that the DHHR made reasonable efforts to preserve the family, prevent removal, and promote reunification, but that termination was the least restrictive alternative. It is from this order that petitioner appeals. [2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that she was entitled to an additional improvement period, based upon the fact that she completed the terms of her initial improvement period and expressed a willingness to do more, that she participated in visitation with the children, that her delay in treatment was due to surgery and medical issues early in the case, and that poverty exacerbated her situation due to changing housing and transportation issues. A review of the record reveals that petitioner failed to comply with the terms of her post-adjudicatory improvement period due to her failure to address her substance abuse issues and comply with in-home services. We hold that the circuit court had an adequate basis for finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination was necessary for the welfare of the children. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

---

[2] The children's father appealed the termination of his parental rights to the children in Case No. 13-0687.

2

The circuit court below, however, never adjudicated the children as abused or neglected.

> In any [abuse or neglect proceeding], the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses. . . . At the conclusion of the hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing proof.

W.Va. Code § 49-6-2(c). Here, while the circuit court ordered an improvement period that was labeled "post-adjudicatory," there was no adjudication nor any finding of fact that shows an adjudication in the record. We hold that the circuit court, therefore, must enter an order adjudicating E.T. and R.B. Jr. to be abused or neglected children based on sufficient findings of fact and conclusions of law.

For the foregoing reasons, we affirm the portion of the circuit court's order terminating petitioner's parental rights to E.T. and R.B. Jr., but remand for entry of an order in compliance with the statute, including appropriate findings of fact.

Affirmed in part and remanded in part.

**ISSUED**: January 17, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum

**CONCURRING IN PART and DISSENTING IN PART:**

Justice Margaret L. Workman
Justice Allen H. Loughry II

No. 13-0625 – *In Re:* **E.T. & R.B. Jr.**

Loughry, Justice, concurring in part and dissenting in part:

I concur with the majority's decision in this case insofar as it concludes that there was sufficient evidence for the circuit court to find that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of the petitioner's parental rights was necessary for the welfare of the children. I dissent, however, from the majority's decision to remand this case for entry of an adjudicatory order. Whether the circuit court adequately complied with the requirements of Rule 27 of the Rules of Procedure for Child Abuse and Neglect Proceedings was not an issue raised by any party in this case. This Court has held that "[a]ssignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." Syl. Pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981). Moreover, in light of the majority's conclusion that termination of parental rights was warranted, the decision to remand this case simply elevates form over substance. It follows from the order of termination issued by the circuit court that the children were found to be abused and neglected. Remanding this case only serves to frustrate the permanency plan for these children and further delay the resolution of this case. This Court has held that "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). To that end, I would have affirmed the decision of the circuit court.

I am authorized to state that Justice Workman joins me in this separate opinion.

4